Argued April 7, affirmed April 27, 1960

# DREIFUS LUMBER CO. *v.* WERNER ET UX
### 351 P. 2d 684

*Paul M. Reeder,* Hillsboro, argued the cause and filed briefs for appellants.

*Norman J. Wiener,* Portland, argued the cause for respondent. With him on the brief were King, Miller, Anderson, Nash & Yerke and Jean P. Lowman, Portland.

Before McAllister, Chief Justice, and O'Connell, Goodwin and Harris, Justices.

HARRIS, J. (Pro Tempore)

This is a suit in equity, brought by the plaintiff, E. H. Dreifus Lumber Co. of Oregon, a corporation, against the defendants, Donald E. Werner and Maxine V. Werner, to rescind a real estate transaction involving 40 acres of timberland located in Washington county, Oregon. The prayer for relief is based upon alleged false representations made by defendant Donald E. Werner, as vendor, which plaintiff claims it relied upon in entering the transaction as purchaser. Defendant Maxine V. Werner is the wife of Donald E. Werner. From a decree rescinding the transaction, the defendants have appealed.

The complaint alleges that in order to induce plaintiff to purchase the tract of land in suit, defendant Donald E. Werner (hereinafter referred to as the defendant) falsely represented: (1) that the land contained not less than 500,000 board feet of timber, whereas it actually contained less than 100,000 board feet; and (2) the location of the south boundary line. It alleges that a land survey made after the transaction was executed disclosed the true south boundary to be approximately 358 feet north of the line represented as the south boundary by Mr. Werner. It further alleges that plaintiff relied on these false representations

of material facts in entering into the transaction and would not have purchased the land if advised of the truth in either particular. It alleges that upon ascertaining that these representations were untrue, plaintiff offered to reconvey the land and the felled, bucked and down timber located thereon to defendants, and demanded a return of the purchase price, but defendants refused to place plaintiff in the position it was in prior to the sale. The prayer is for a decree in the sum of $10,376.50, being the purchase price plus the cost of recording the deed. The answer is in substance a general denial.

The sole issue before this court is whether the trial court properly found for plaintiff on the evidence introduced at the trial.

■ The principles of law which are herein controlling are well settled. The right of rescission does not depend upon fraud intentionally or negligently committed, as does an action for deceit. The injured party may rescind a transaction if it was the result of reliance upon a false representation of a material fact, however innocently made, if such injured party, except for believing its truth, would not have entered into the agreement. *Brown et ux. v. Hassenstab et ux.,* 212 Or 246, 253, 319 P2d 929; *Johnson et ux. v. Cofer,* 204 Or 142, 149, 281 P2d 981; *Sharkey v. Burlingame Co.,* 131 Or 185, 197, 282 P 546.

■ A purchaser has the right to rely upon the representations of the seller as to the boundaries of the land, and if the seller misrepresents the true boundary of the land, whether innocently or intentionally, it is a ground for rescission by the purchaser. *Garland v. Shrier,* 155 Or 387, 391, 64 P2d 530.

■ A purchaser has a right to rely upon the repre-

sentations of the seller as to the quantity of timber on the land, and if the owner misrepresents it, it is ground for rescission. *Dahl et al. v. Crain et ux.,* 193 Or 207, 237 P2d 939.

Plaintiff is an Oregon corporation engaged in the manufacture of lumber. Defendant is a Christmas tree farmer and a produce operator. Defendant purchased the property in suit in June, 1955, from Washington county at public auction for $3,500. In August of the same year he offered to sell the tract to the Portland Manufacturing Co. for $5,000. The offer was refused.

On June 15, 1956, defendant contacted Mr. Newton Acker, president and manager of plaintiff corporation, by telephone to inquire if plaintiff was interested in buying the tract. Mr. Acker swore defendant informed him that there was 500,000 feet of timber on the land and that defendant wanted $12,500 as the purchase price. Mr. Acker further testified:

"Q (By Mr. Wiener) I hand you now Plaintiff's Exhibit 7 that has been admitted in evidence and ask you to read to the court the reference therein to this telephone call of June 15th, 1956?

"A (Looking) It reads as follows: 'Hillsboro, 6693, Werner, Don, Dutch Canyon; 500,000, 40 acres, $12,500; meet at 10:30 or 10:45 A. M.'

"Q There is a reference in that note to a price. Did you discuss price over the telephone?

"A We did.

"Q What was said?

"A I asked Mr. Werner how much timber there was on there and what he asked for it. He said he asked $12,500 for it and there was 500,000 feet of timber.

"Q Did you comment per thousand?

"A I did.

"Q  What was said?

"A  I says 'That's a price of $25 a thousand, isn't it' and he agreed."

Defendant testified he did not represent that the property contained 500,000 board feet, but that he told Mr. Acker either on the phone or at a later time that others had told him that it contained such an amount of footage.

On the same date Mr. Acker met the defendant and they proceeded to the property. Mr. Acker stated he and defendant went to the northeast corner of the tract and defendant pointed to a peg and stated: "This is the northeast corner." Mr. Acker also swore they then proceeded south along a fence line where defendant pointed to a tree and said: "This is the southeast corner—it is blazed on three or four sides."

Defendant testified he did not point out the boundary or corners as factual matters, but stated he had not had the land surveyed and that he showed Mr. Acker only what he had found and told Mr. Acker he assumed the old blazes constituted the line.

According to Mr. Acker, he stated to defendant that if the lines were as stated by him, they had a deal.

The record also indicates that before the property was shown to Mr. Acker defendant had reblazed the older blaze marks.

Later that day a deal was consummated wherein plaintiff agreed to purchase the property for $10,000, an earnest money receipt was executed and a down payment made. On June 25 the balance of the purchase money was sent to defendant's attorney. Thereafter title insurance was obtained by defendant and a deed was delivered by recording it on June 29.

In late August or the first part of September, 1956, Mr. Acker had the property surveyed and a cruise made of the timber. Shortly thereafter plaintiff mailed to defendant a demand for rescission of the sale. Upon refusal of the defendant to comply therewith, this suit was instituted.

The land survey mentioned discloses that the south line of the tract was found to be about 350 feet north of the line which Mr. Acker claims defendant pointed out as the south line. During the course of the trial another surveyor was employed to survey the property, and the latter determined that the southeast corner was 330 feet north of the corner which plaintiff claims the defendant pointed out as the southeast corner on the date the parties entered into the contract in question.

Mr. Cox, the first surveyor, cruised the timber and determined there was 133,360 board feet within the area in dispute. He testified there was 95,800 board feet north of the south line as re-established and that the land and the timber in the tract north of the south line as determined by him was valued at approximately $3,500.

■ After a review of the record we concur in the following findings of the trial court:

"The Court has carefully considered all of the testimony and evidence in this case and has determined that Mr. Werner represented the quantity of timber to be 500M board feet, whereas, in truth and fact, there was substantially less footage on the tract; that defendant Werner pointed out the SE corner of the property as being the true corner, whereas, in truth and fact the south line was from 330 ft. to 360 ft. north thereof; that said representations were material; that Mr. Acker had a right to and did rely upon the representations and but for

said representations the transaction would not have taken place. This is so even though the representations by Mr. Werner may have been innocently made."

■ The defendant contends that plaintiff did not have a right to rely on any statements made by defendant. To support this contention defendant quotes the following statement from *Johnson et ux. v. Cofer,* supra, at p 149:

"It is a well established principle of law that in order to secure relief on the ground of fraud, the person claiming reliance must have had a right to rely upon the representations."

However, the following excerpts from the Johnson opinion which immediately follow the portion quoted by the defendant guard that portion of the opinion from misunderstanding:

"* * * Generally speaking, the right to rely on representations presents the question of the duty of the party to whom the representations have been made to use diligence in respect to those representations. The courts are not entirely in accord as to the necessity of diligence at all where fraud has been employed, especially where representations are of a positive nature. 'The policy of the courts is, on the one hand, to suppress fraud and, on the other, not to encourage negligence and inattention to one's own interests. The rule of law is one of policy. Is it better to encourage negligence in the foolish, or fraud in the deceitful? Either course has obvious dangers. But judicial experience exemplified that the former is the less objectionable and hampers less the administration of pure justice. The law is not designed to protect the vigilant, or tolerably vigilant, alone, although it rather favors them, but is intended as a protection to even the foolish credulous, as against the machinations of the designedly wicked. It has also been frequently de-

clared that as between the original parties, one who has intentionally deceived the other to his prejudice is not to be heard to say, in defense of the charge of fraud, that the innocent party ought not to have trusted him or was guilty of negligence in so doing.' 23 Am Jur 948, Fraud and Deceit, § 146. See also *Larsen et al. v. Lootens et al.,* 102 Or 579, 194 P 699, 203 P 621.

"* * * * *

"In cases where the relief sought is that of rescission this court has adopted a policy that it is better to encourage negligence in the foolish than fraud in the deceitful."

In arriving at our conclusions we have given due consideration to the testimony of the defendant which was given in support of his contention that he was unaware of the true boundary lines and that he so advised Mr. Acker, and to all other aspects of defendant's evidence. However, we concur in the conclusions reached by the trial judge who saw and heard the witnesses and observed their demeanor while testifying. We hold that the trial court properly found for the plaintiff upon the only issues herein involved—issues of fact. The decree appealed from is, therefore, affirmed. Costs and disbursements will be allowed to neither party.