Argued July 15, affirmed December 23, 1970

HEVERLY ET UX, *Respondents, v.*
KIRKENDALL ET AL, *Appellants.*
478 P2d 381

*Maynard Wilson,* Cottage Grove, argued the cause and filed a brief for appellants.

*Gary R. Ackley,* Cottage Grove, argued the cause for respondents. On the brief were Lombard, Lombard, Williams & Ackley, Cottage Grove.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE and TONGUE, Justices.

DENECKE, J.

The plaintiff buyers brought this suit to rescind an earnest money agreement upon the ground that the sellers misrepresented the boundaries of the property purchased. The trial court decreed rescission and the defendant sellers appeal.

A garage was located upon the northwest portion of the property. West of the garage was a gravel roadway whose irregular edge was from two to four

feet west of the west edge of the garage. Four feet of the west side of the garage was located upon land owned by the city of Creswell. Defendants were aware of this encroachment. The evidence is conflicting whether the buyers were made aware. The trial court, in essence, found that they were not. This being a suit in equity, we try it de novo; however, when a finding depends upon a judgment of the credibility of the witnesses we give great weight to the trial court's findings. This was a question of credibility and we concur in the trial court's findings that the buyers were not informed of the encroachment.

The sellers contend nevertheless that even if the buyers were not informed, the boundaries were not misrepresented to the buyers. The facts as we find them are that there was considerable discussion of all the boundaries; however, there was no evidence that the sellers expressly represented that the west boundary of the property was on the edge of the garage or to the west of it. We conclude, nevertheless, that the sellers impliedly represented that the boundary was the west edge of the garage or westerly thereof. The general discussion of boundaries, the location of the roadway west of the garage, and the garage being an adjunct of the property sold created the implication, in the absence of any notice by the sellers, that the garage was on the sellers' property.

■ Misrepresentation may be made by statements which are literally true but under the circumstances create a false impression. Prosser, Torts (3d ed) 709 § 101. This general rule has been applied in cases involving alleged misrepresentations because of failures to inform the sellers of encroachments. In *O'Shea v. Morris*, 112 Neb 102, 198 NW 866 (1924), plaintiff sought to rescind a land sale contract on the ground

of misrepresentation where the driveway and garage encroached four feet onto the next lot and the defendant knew of the overlap but did not disclose it to the purchaser. The court approved the trial court finding "that the plaintiff believed, and was reasonably led and induced to believe, by the character and location of the grounds and improvements, that defendants were the owners of all of said property, including the land upon which the driveway and garage were located." 112 Neb at 103. The court considered the facts sufficient to justify rescission based on misrepresentation primarily because defendants failed to disclose the encroachment.[1]

In *Dugan v. Bosco*, 34 Del Ch 599, 108 A2d 586 (1954), the Court of Chancery held that it was a material misrepresentation to sell a house knowing but not disclosing that the driveway encroached upon adjoining property when the plaintiffs purchased the property on the reasonable assumption, from the appearance of the premises, that they were getting title to the driveway.

Finally, in *Woldow v. Dever*, 374 Pa 311, 97 A2d 777 (1953), the court held that although the physical appearance of the premises, including an encroaching driveway, was insufficient by itself to establish a material misrepresentation as a matter of law; however, the court stated that opinion was not to be understood as preventing a trier from ever reaching such a result.

---

[1] Two points should be noted about the opinion. First, rescission was not actually granted because there was some evidence that the purchaser would accept a reduced purchase price. Secondly, there was a deed that apparently purported to convey a fee simple to the driveway and the garage so that the misrepresentation was perhaps accomplished by more than nondisclosure and the physical layout of the property.

■ Many of the defendants' claims of error are directed to the issue of whether or not the misrepresentation was material. The parties agree that in order for misrepresentation to be a ground for rescission, it must be a misrepresentation of a material fact.

Representations that the sellers were selling four feet more frontage than was the fact and that the garage was entirely owned by the sellers, whereas it was not, might, without more, be sufficient proof of materiality; however, sellers contend that is not true in this case because the buyers could have use of the four feet and that portion of the garage. Some years before this transaction, the sellers learned of the encroachment and entered into an agreement with the adjoining owner, the city. The parties contracted that the defendant sellers would retain ownership and use of the garage for the life of the building; if the building were destroyed, title to the four feet would "become absolute in the City"; if the city needed the four feet for roadway, the city would purchase the building from sellers or move it.[2]

■■ The trial court found that Mr. Heverly informed the defendants that he was an auto mechanic and was going to use the garage to repair automobiles. There was testimony that Mr. Heverly wanted to make improvements upon the garage but the city was intending to use the roadway for a street and would not consent to Heverly making improvements.[3] We find these were the facts. These facts lead to the conclusion

---

[2] The sellers charge that the trial court misconstrued the agreement. The buyers' rights under the agreement are irrelevant if the misrepresentation is material.

[3] The sellers object that some of this testimony was hearsay; it was, but was not objected to and, therefore, sufficient basis for a finding. Kraxberger v. Rogers, 231 Or 440, 451, 373 P2d 647 (1962).

that the misrepresentation was material. A misrepresentation is material "[w]here a misrepresentation would be likely to affect the conduct of a reasonable man with reference to a transaction with another person." 2 Restatement 891, Contracts § 470 (2).

■ The sellers lastly contend that any reliance by the buyers upon the alleged misrepresentations by the sellers was not justifiable. The sellers claim the buyers were negligent in relying upon such representations. Whatever may have been the earlier state of the law on this point, our recent cases have specifically held that negligence on the part of the party to whom the misrepresentation was made is not a defense to a claim for rescission.[4] *Johnson v. Cofer*, 204 Or 142, 149-151, 281 P2d 981 (1955); *Dreifus Lbr Co. v. Werner*, 221 Or 467, 473-474, 351 P2d 684 (1960).

The agreement between the sellers and the city was recorded; however, when a misrepresentation is made, the utterer of the misrepresentation cannot avoid responsibility for the misrepresentation by contending that if the buyers had searched the records they would have found the representation to be untrue. 3 Restatement 93, Torts § 540, Comment b.; Prosser, Torts (3d ed) 733-734, § 103, n 65.

We conclude, as did the trial court, that the plaintiff buyers are entitled to rescission.

Affirmed.

---

[4] A note at 33 Or L Rev 86 (1953), cites some decisions seemingly adopting inconsistent positions on this subject.