Argued May 1, affirmed June 29, 1972

JOSS ET UX, *Respondents, v.* SHODLE ET UX,
*Appellants.*

498 P2d 787

*Teunis J. Wyers,* Hood River, argued the cause
and filed a brief for appellants.

*Kenneth M. Abraham,* Hood River, argued the
cause for respondents. On the brief were Parker &
Abraham, Hood River.

BRYSON, J.

This is a suit in equity to rescind a land sale contract dated March 18, 1970, upon the ground that the defendants-sellers misrepresented the quality of the water and the boundaries of the property. A decree was entered granting rescission, and the defendants appeal.

The property subject to the land sale contract is located in Hood River county and bordered on one side by North Quin Road. Prior to executing the land sale contract, the plaintiffs-purchasers viewed the property with the sellers' real estate agent and talked to Mrs. Shodle. The fence along the west boundary of the property was four feet out in North Quin Road, which was originally a state highway but abandoned by the State Highway Commission. Several large trees were located in this four-foot strip of land. Defendants and their real estate agent represented to plaintiffs that the fence was the west boundary of the property. They did not advise the purchasers, who resided in Seattle, Washington, of a previous meeting held by the Hood River County Commissioners, attended by defendants, Mr. and Mrs. Shodle, and of the Commission's intention to include the roadway of the abandoned state highway, bordering the west side of the property, in the county road system. Defendants, through their agent, represented that the then existing fence line was the westerly boundary line of the property involved in the sale. Mr. Joss testified:

"* * * Then we stood on the back road, which is the west fence, and he [real estate agent] was pointing out then [sic] the boundary markers.

"* * * * * *

"* * * I asked him more than once, because I said, 'Is that fence over there; this fence here, these

are the boundaries?' And he said, 'Yeah.' He stated more than once this fence line was the boundary on this west side."

Plaintiffs took possession of the property shortly after June 1, 1970. Later that month the county surveyed North Quin Road. The fence which plaintiffs had presumed to be their property line was torn down, and the county erected a new fence approximately four feet inside the old fence line and cut down five or six trees in this four-foot strip of land. Plaintiffs moved from the property and on July 20, 1970, sent notice to the defendants of their rescission of the contract. Misrepresentation regarding the location of the west boundary line is a material fact and the plaintiffs relied upon same.

In *Dreifus Lbr. Co. v. Werner et ux*, 221 Or 467, 469, 351 P2d 684 (1960), an action for rescission based on alleged misrepresentations of quantity of timber and location of a boundary, this court stated:

"The principles of law which are herein controlling are well settled. The right of rescission does not depend upon fraud intentionally or negligently committed, as does an action for deceit. The injured party may rescind a transaction if it was the result of reliance upon a false representation of a material fact, however innocently made, if such injured party, except for believing its truth, would not have entered into the agreement. *Brown et ux. v. Hassenstab et ux.*, 212 Or 246, 253, 319 P2d 929; *Johnson et ux. v. Cofer*, 204 Or 142, 149, 281 P2d 981; *Sharkey v. Burlingame Co.*, 131 Or 185, 197, 282 P 546.

"A purchaser has the right to rely upon the representations of the seller as to the boundaries of the land, and if the seller misrepresents the true boundary of the land, whether innocently or intentionally, it is a ground for rescission by the pur-

chaser. *Garland v. Shrier,* 155 Or 387, 391, 64 P2d 530."

*See also, Heverly v. Kirkendall,* 257 Or 232, 478 P2d 381 (1970); *Lanners v. Whitney,* 247 Or 223, 232, 428 P2d 398 (1967); *Furtado v. Gemmell,* 242 Or 177, 182, 408 P2d 733 (1965).

We conclude, as did the trial court, that the plaintiffs are entitled to rescission of the land sale contract. The rescission is supported solely by the boundary misrepresentations; therefore, we find it unnecessary to consider the other basis for rescission raised by the plaintiffs, namely, the quality of the water.

Affirmed.

TONGUE, J., concurs in the result.