Argued September 12, reversed and remanded December 7, 1972

CHANEY, *Appellant, v.* FIELDS
CHEVROLET CO., *Respondent.*

503 P2d 1239

*Garry L. Kahn,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison, Portland.

*R. Alan Wight,* Portland, argued the cause for respondent. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, and HOWELL, Justices.

HOLMAN, J.

This is an appeal from the dismissal of plaintiff's complaint pursuant to his refusal to plead over when a demurrer was sustained to the complaint on the basis that the action had not been brought within the period allowed by the statute of limitations.

In his complaint plaintiff alleges that in December of 1963, pursuant to a contract of sale, he purchased a motor vehicle from defendant. He subsequently returned the vehicle to defendant, under a provision of the contract of sale, for the purpose of having it resold and the proceeds used to defray the balance thereunder with any surplus being returned to plaintiff. Defendant resold the vehicle in 1964 for more than the amount owing on the contract, but concealed the

fact from plaintiff. It was not until after October 25, 1965, that plaintiff first discovered that the vehicle had been sold for more than the balance owing on it.

Plaintiff further alleges that he previously brought an action against defendant based on the same transaction, which was treated by the trial court as one for fraud and deceit. That action was terminated May 12, 1971, by a decision of this court holding that he had failed to prove such an action. *Chaney v. Fields Chevrolet Co.*, 258 Or 606, 484 P2d 824 (1971). Within six months thereafter, on June 28, 1971, plaintiff commenced the present proceeding.

The first matter for determination is the applicable statute of limitations. Defendant contends ORS 72.7250 (Uniform Commercial Code § 2-725) is applicable because this is an action for the breach of a contract of sale. Defendant argues that under this section, plaintiff had four years from the time the vehicle was resold in which to bring his action and that such period expired in 1968. The section provides as follows:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

"* * * * *."

On the other hand, plaintiff contends that ORS
72.7250 is not applicable because the present action
arose out of a secured transaction and that it there-
fore comes under Article 9 of the Uniform Commercial
Code which concerns secured transactions, rather than
under Article 2 which concerns sales. He then argues
that Article 9 has no statute of limitations and, there-
fore, that the general contract statute of limitations
of six years applies (ORS 12.080 (1)).

■ ORS 79.5040 (2) (Uniform Commercial Code §
9-504 (2)) provides that when the secured party has
sold the collateral after repossession from the debtor,
he must account to the debtor for any surplus. Upon
repossession and resale by the seller, the subsection
provides:

> "If the security interest secures an indebtedness,
> the secured party must account to the debtor for
> any surplus, and, unless otherwise agreed, the
> debtor is liable for any deficiency * * *."

It is apparent from the statute that plaintiff was
entitled to the surplus even though the contract had
been silent concerning the matter and that the statute
is the real source of plaintiff's right rather than the
contract of sale.

Defendant cites *Associates Disct. Corp. v. Pal-
mer*, 47 NJ 183, 219 A2d 858 (1966), as authority for
its contention that the statute of limitations in Article
2 of the Uniform Commercial Code applies (ORS
72.7250). *Palmer* was a case involving an action for
a deficiency by a seller after an automobile had been
repossessed and sold for an amount less than that
owing on the contract. The court held that the de-
ficiency action was simply an action for that part of
the sales price which remained outstanding after the

seller had exhausted his security by selling the collateral and that his right to the full price was an obligation which is an essential element of all sales and which exists whether or not the sale is accompanied by a security arrangement. The court stated as follows:

> "* * * Thus, because of the absence of a contrary indication anywhere in the Code, a deficiency action must be considered more closely related to the sales aspect of a combination sales-security agreement rather than to its security aspect and be controlled by the four-year limitation in Pa. Stat. Ann. tit. 12A, § 2-725. * * *" 219 A2d at 861.

Although an action for part of the purchase price is more closely related to the sale portion of the contract than it is to the security portion, it is obvious that an action to recover a surplus from the resale of the article upon an agreed foreclosure is more closely related to the security aspects of the contract than it is to that part which concerns the original sale. The right is created by ORS 79.5040, a part of Article 9 of the Uniform Commercial Code, which relates to secured transactions, and not by ORS 72.7250, a part of Article 2, which relates to sales.

We have been unable to determine why the secured transaction portion of the Uniform Commercial Code has no statute of limitations governing actions created by its provisions. However, the only statute of limitations which appears in the Code concerns the sales of goods, although the Code covers many aspects of business transactions other than the sales of goods. As a result, we have come to the conclusion that the limitation in ORS 72.7250 was not intended to cover the present situation and that the applicable provision is either ORS 12.080 (1) or 12.080 (2), both of which

allow six years within which to bring an action. The statute reads:

"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"(2) An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110;

"* * * * * *.

"shall be commenced within six years."

Because the limitation is the same, it is unnecessary to decide which of these two provisions of ORS 12.080 is the applicable one. ORS 79.5040 (2) may be treated as creating a right in the defendant as an incident of the parties' contractual relationship and thus it is contractual insofar as the statute of limitations is concerned and is within the purview of subsection (1). On the other hand, it may be treated solely as a statutory right and within the province of subsection (2).

■ The vehicle was resold in 1964; this case was filed June 28, 1971. Therefore, the six-year statute would have run prior to the filing of the present case unless the statute was tolled for a period of time. Plaintiff contends the statute was tolled during the time defendant concealed the fact that the vehicle was resold for more than its unpaid balance. We have found no Oregon cases directly in point nor have any been cited to us. However, there is little doubt of the consensus of other authority. Such authority is concisely summed up in an annotation, "What constitutes concealment which will prevent running of statute of limitations," 173 ALR 576 at 578 (1948):

"According to the majority rule, however,

fraudulent concealment of a cause of action from the one in whom it resides by the one against whom it lies constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action. Under this rule, one who wrongfully conceals material facts and thereby prevents discovery of his wrong or of the fact that a cause of action has accrued against him is not permitted to assert the statute of limitations as a bar to an action against him, thus taking advantage of his own wrong, until the expiration of the full statutory period from the time when the facts were discovered or should, with reasonable diligence, have been discovered. * * *

"This rule finds application most frequently in actions based upon fraud or in which fraud is the gist of the action, but it is by no means restricted to actions of that character. The rule applies regardless of the nature of the cause, if the requisite element of fraudulent concealment of the cause of action is present and it applies in actions at law as well as in suits in equity."

It is our conclusion that plaintiff's complaint alleges sufficient facts which, if true, would toll the statute for the length of time required to permit the bringing of the present action. Plaintiff has alleged that defendant concealed the fact that the resale was for more than the unpaid balance upon the contract and that he first discovered such fact after October 25, 1965. If such is the case, the six-year limitation would not have run by June 28, 1971, when this case was filed.

■ It should be understood that this court is not passing upon the propriety of all the requests for relief that are made in plaintiff's complaint. As long as plaintiff has stated a cause of action entitling him to

any relief, his complaint cannot be successfully attacked by demurrer. Plaintiff has stated a cause of action for the surplus over the unpaid balance which the vehicle brought upon resale.

The judgment of the trial court is reversed and the case is remanded for trial.