Submitted on record and briefs December 28, 1984, reversed and remanded
March 20, 1985

EMMERT,
*Appellant,*

*v.*

O'BRIEN et al,
*Respondents.*

(82-0388C; CA A33809)

697 P2d 222

Timothy J. Murphy and Gary M. Bullock, Portland, filed the briefs for appellant.

E. Andrew Jordan and Bolliger, Hamptom & Tarlow, Portland, filed the brief for respondents Kevin and Patricia O'Brien.

Joel E. Grayson, Portland, filed the brief for respondents Jerry Eastman and Professionals "100", Inc.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

ROSSMAN, J.

Buttler, P. J., dissenting.

**ROSSMAN, J.**

This is an action for damages for breach of contract against defendants O'Brien and for fraud and misrepresentation against the O'Briens and the other defendants arising out of an earnest money agreement for the sale of real property.[1] On defendants' motions, plaintiff's third, fourth and fifth amended complaints were dismissed, the last without leave to amend, for failing to state a claim on which relief can be granted. ORCP 21A.(8). A previous attempt to appeal the orders granting those motions was dismissed for want of an appealable judgment. *Emmert v. O'Brien,* 70 Or App 180, 688 P2d 438 (1984). Judgment for defendants was then filed on October 29, 1984, and from that judgment plaintiff appeals. It now is submitted for our consideration on the basis of the previous briefs and oral arguments.

■■ The *only* issue presented by this appeal is whether plaintiff's third, fourth or fifth amended complaints stated a claim for relief; the facts alleged in the complaint are considered true for the purpose of deciding that issue. *See Musgrave et ux v. Lucas et ux,* 193 Or 401, 408, 238 P2d 780 (1951). Although the parties base their arguments on facts contained in the numerous affidavits and exhibits which are included in the record, we consider only the facts alleged in the complaints when reviewing an order granting a motion to dismiss for failure to state a claim. We conclude that plaintiff has stated a claim for relief and reverse.

The earnest money agreement and an addendum dated September 20, 1981, both incorporated by reference in the complaints, provide that, for $18,000, defendants O'Brien would convey a lot "buildable now for duplex" and "with no deed restrictions" to plaintiff. At that time, the lot was not "buildable now for duplex" and was encumbered by deed restrictions. On October 5, 1981, the parties executed a second addendum, also incorporated by reference in the complaint, which provides, in part:

"II.   Seller to obtain conditional use permit as required by city ordinance to use said lot as a duplex site. Upon city

---

[1] Defendants Eastman and Professionals "100", Inc., are not parties to the breach of contract claim.

approval of site as a duplex lot, purchaser to pay balance of purchase price in the amount of $16,500."

A conditional use permit was approved by the city but only conditionally. Plaintiff's fourth amended complaint alleges that the quoted provision obligated defendant to meet those conditions and alleges further that:

"Defendants O'Brien refused to procure the site drainage plan required by the city, and thereafter, through their attorney, on or about January 13, 1982, directed the escrow company that was to close the transaction, to not close the transaction, and directed the City of Tigard to not allow plaintiff to assist in obtaining the site drainage plan so that the real property could in fact be used conditionally as duplex property."

The O'Briens argue that they did not promise to obtain the conditional use permit but, rather, that obtaining the permit was a condition precedent to the fulfillment of the contract. They point out that, as a matter of fact, they did obtain a permit but they claim that they had no obligation to meet the conditions attached by the city to that permit.[2] Thus the issue, as framed by the parties, is whether obtaining the permit was a promise or a condition and, if a promise, whether the O'Briens' duty was performed by securing a conditional use permit that was subject to special conditions.

Defendants make much of the fact that the caption "Special Conditions" heads the space on the standard form agreement where a reference to the disputed provisions was written. It is elementary that printed captions do not control the handwritten expression of the parties' agreement, ORS 42.270, and, if we look to the language used, we do not find conditions being expressed. To the contrary, the first addendum, after a printed recitation stating "BUYER(S) AND SELLER(S) HEREBY AGREE TO THE FOLLOWING" reads:

"No other improvements are needed except half street and curbs on 104th only. Sewer, water & elec to be in street in front of property, no further extensions of utility are needed. Approval of elevations of building and site to be approved by

_____

[2] Plaintiff's third and fourth amended complaints allege that "[t]he City of Tigard approved the Conditional Use Permit, subject to certain conditions * * *." The fifth amended complaint does not contain a breach of contract claim.

building dept. No deed restrictions. (Note) Sales associate is related to purchaser. (Note) Add to earnest money dated 9/18/81 *[sic]* purchaser will receive a $500.00 cash discount at closing from seller for cashing seller out at closing. Both seller and purchaser have agreed to this."

Provisions in the second addendum include: "Seller agrees to allow purchaser to perform [excavation]" and "[u]pon execution of this document, purchaser to place 1000.00 in cash in escrow."

■ We do not think that those provisions describe conditions but, even if they do, plaintiff's fourth amended complaint states a claim for breach of contract. If, as alleged, the O'Briens promised to "obtain and perform any conditions necessary to a conditional use permit," then proof of their failure to do so would entitle plaintiff to damages for breach of contract. If, on the other hand, obtaining the permit was a condition precedent, then the O'Briens had an implied obligation to refrain from frustrating its occurrence, *see generally Perkins v. Standard Oil Co.,* 235 Or 7, 16, 383 P2d 107, 383 P2d 1002 (1963), and may have had an affirmative obligation to use reasonable efforts to bring it about. *See Western Hills v. Pfau,* 265 Or 137, 142, 508 P2d 201 (1973); *Anaheim Co. v. Holcombe,* 246 Or 541, 547, 426 P2d 743 (1967). One party or the other had a duty to use reasonable efforts to satisfy the conditions of the conditional use permits; plaintiff alleges that it was the O'Briens' duty. Even assuming that it was plaintiff's duty to meet the conditions, the allegation that the O'Briens frustrated plaintiff's effort to do so, if true, is actionable. *Perkins v. Standard Oil Co., supra.* Accordingly, that part of the order dismissing plaintiff's fourth amended complaint alleging breach of contract by the O'Briens must be reversed.

■ Defendants challenge both the claims of misrepresentation and fraud primarily on three grounds. First, they contend that the alleged misrepresentations were not representations at all, but were conditions precedent included in the earnest money agreement solely for plaintiff's protection. Plaintiff's fifth amended complaint alleges:

"Plaintiff informed defendants O'Briens and/or Professionals '100' and Eastman that he intended to use the property as a duplex site and that that was the only reason he entered into the earnest money agreement.

"Defendants O'Briens and their agents, defendants Professionals and Eastman, represented to plaintiff, orally and in writing, the following:

"a) That the lot, which plaintiff was purchasing at the time the earnest money agreement was signed, was buildable for use as a duplex property;

"b) There was [sic] no deed restrictions which applied to the property,

"which representations Defendants knew or should have known to be false."

This allegation refers to both oral and written representations that the lot was buildable as a duplex and had no deed restrictions. Because the allegation is not limited to the language of the earnest money agreement, it matters not whether that language amounts to a representation of fact or only describes a condition. If there is actual fraud, liability for that fraud may not be avoided by the simple expedient of including in the contract as conditions precedent the very misrepresentations that induced the other to enter into the agreement in the first place.

■■ Second, defendants contend that it is apparent from the face of the complaint that plaintiff was aware that the lot was not buildable as a duplex when the second addendum to the earnest money agreement was executed and, therefore, plaintiff's allegations of reliance, right to rely and ignorance of the falsity of the representations cannot be true. It is true that one may not reasonably rely on representations one knows to be false, but plaintiff alleged that he was induced to enter the *original* earnest money agreement by the misrepresentations *before* he was aware of their falsity. Defendants do not suggest that plaintiff waived his right to recover damages by agreeing to the second addendum after discovering the misrepresentation as to buildability or suggest any other reason why plaintiff's subsequent discovery of the truth should bar a claim for fraud for damages suffered before that discovery. In addition, plaintiff alleges that he did not discover the deed restrictions until some time after the second addendum was executed. The fact that the deed restrictions may have been a matter of record is no defense. *See generally Heverly v. Kirkendall,* 257 Or 232, 237, 478 P2d 381 (1970).

■ Finally, defendants contend that plaintiff's alleged

damages were not caused by the misrepresentations. It does appear that some of the damages alleged are not related to the misrepresentations, and others are not artfully pled. Although we recognize that the deed restrictions may have frustrated plaintiff's plans for the property in any event, we think that he is entitled to have an opportunity to prove that he was damaged by being induced to enter the earnest money agreement, and we cannot say, as a matter of law, that none of the alleged damages was caused by the misrepresentations. Because plaintiff's fifth amended complaint alleged the elements necessary to state a claim for misrepresentation and fraud, at least with respect to the original earnest money agreement, it was error to dismiss those claims. *See Chaney v. Fields Chevrolet,* 264 Or 21, 27-28, 503 P2d 1239 (1972).

Reversed and remanded.

**BUTTLER, P. J.,** dissenting.

The trial court concluded that the statements made in the earnest money agreement under the heading "Special Conditions" were conditions to the plaintiff's obligation to close the transaction covered by the earnest money agreement. Because I conclude that the trial court was correct, and because the damages that plaintiff has alleged flow from his having moved his duplex onto the property before the transaction was to close (and it did not ever close), I would affirm.

The printed form earnest money agreement attached to the complaint contains a line headed "SPECIAL CONDITIONS," which is followed by the handwritten statement: "Lot is buildable now for duplex property. Corners to be identified by seller. (See Addendum for additional conditions)." The addendum attached to the agreement goes on with the conditions:

"No other improvements are needed except half street and curbs on 104th only. Sewer, water and elec to be in street in front of property, no further extensions of utilities are needed. Approval of elevations of building and site to be approved by Building Dept. No deed restrictions. (Note) Sales associate is related to purchaser. (Note) Addendum to earnest money dated 9/18/81 *[sic]* purchaser will receive a $500.00 cash discount at closing from seller for cashing seller out at closing. Both seller and purchaser have agreed to this. 9/22/81."

Inartfully worded as they are, the statements made as conditions mean that, if the property is not "buildable now for duplex" or if there is a deed restriction preventing the intended use, plaintiff, as buyer, is entitled to the return of his earnest money and to be free of any obligation to buy. That this construction of the agreement is correct is borne out by the language following the second "(Note)" in the addendum, which is intended to be an agreement by the seller to give plaintiff a discount for cash—not a condition.

That conclusion should end the case. If it does not, it is apparent that the damages plaintiff claims actually flow from his having moved the duplex onto the property before the transaction was closed and after he knew that the property was not "buildable now for duplex," because, at the least, he was required to obtain a conditional use permit. Although he does not so allege in his fifth amended complaint, he alleged in several earlier complaints that defendants frustrated his efforts to comply with the conditions set forth in the conditional use permit that defendant agreed to and did obtain. The difficulty with that allegation is that it is apparent from the face of the complaint that there was no way for either party to obtain authority from the city of Tigard that would have permitted plaintiff to put a duplex on the property, because the deed restriction prohibited that use.

Plaintiff is entitled to a return of his earnest money ($1,000), not to $182,576.69, which he claims. After giving plaintiff six opportunities to state a claim, the trial court did not err in dismissing plaintiff's complaint without leave to amend. I would affirm.