Argued and submitted September 8, reversed and remanded October 25, 1989

## OREGON LABORERS-EMPLOYERS TRUST FUNDS,
*Appellants,*

*v.*

## PASCUZZI INVESTMENT COMPANY et al,
*Defendants,*

## EMMERT INDUSTRIAL CORP. et al,
*Respondents.*

(870463C; CA A49883)

781 P2d 1227

Gary L. Tyler, Portland, argued the cause for appellants. With him on the briefs was Galton, Popick & Scott, Portland.

Eugene F. Ebersole, Clackamas, filed the brief for respondents.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs in this action to foreclose a construction lien under ORS 87.010(4)[1] are employe benefit trust funds that administer contributions by employers for employes. Defendants are owners of, or have security interests in, the subject real property. Squaw Mountain Construction (Squaw Mountain) made improvements to defendants' property and was indebted to plaintiffs for contributions for its employes. Defendants filed an ORCP 21A motion to dismiss, asserting that plaintiffs had obtained a judgment against Squaw Mountain in federal court for the same debt and that it bars their claim against defendants. The trial court dismissed plaintiffs' complaint, and plaintiffs' appeal.

We reverse, because the trial court was without authority to grant defendants' motion on the record before it. Plaintiffs' complaint alleged ultimate facts sufficient to state a claim.[2] *Emmert v. O'Brien,* 72 Or App 752, 754, 697 P2d 222 (1985).

Reversed and remanded.

---

[1] ORS 87.010(4) provides:

"'Trustees of an employe benefit plan shall have a lien upon the improvement for the amount of contributions, due to labor performed on that improvement, required to be paid by agreement or otherwise into a fund of the employe benefit plan."

[2] Although defendants' motion does not expressly so state, we assume that it was made pursuant to ORCP 21A(8) for failure to allege ultimate facts sufficient to state a claim. No other basis for an ORCP 21A motion could apply.

ORCP 21A provides, in relevant part:

"If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

Therefore, we look only at the pleadings in deciding an ORCP 21A(8) issue.