**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADIDAS AMERICA, INC., | No. 11-35053 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 3:08-cv-00091-BR |
| v. | MEMORANDUM[*] |
| MICHAEL CALMESE, | |
| Defendant-counter-claimant - Appellant. | |

| | |
|---|---|
| ADIDAS AMERICA, INC., | No. 11-35080 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 3:08-cv-00091-BR |
| v. | |
| MICHAEL CALMESE, | |
| Defendant-counter-claimant - Appellee. | |

Appeals from the United States District Court
for the District of Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Anna J. Brown, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Michael Calmese appeals pro se from the district court's summary judgment declaring that Adidas did not infringe upon Calmese's trademark and the district court's award of monetary sanctions and attorney's fees to Adidas. Adidas cross appeals the district court's judgment, following a bench trial, in favor of Calmese on Adidas's claim for cancellation of Calmese's mark. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 (9th Cir. 2005). We review for clear error the district court's account of the evidence. *Anderson v. Bessemer City*, 470 U.S. 564, 574-75 (1985). We affirm.

In No. 11-35053, the district court properly granted summary judgment for Adidas on its claim of non-infringement because Calmese failed to raise a genuine dispute of material fact as to likelihood of confusion. *See M2 Software*, 421 F.3d at 1085 (at summary judgment, the court must decide whether there is a triable dispute as to likelihood of confusion); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842

---

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2002) (per curiam) (likelihood of confusion is mitigated where "the parties superficially use the identical slogan as a trademark, [but] consumers will actually encounter the trademarks differently in the marketplace").

The district court did not abuse its discretion in its award of monetary sanctions in light of Calmese's violation of a court order and his meritless and disruptive filings. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997) (stating standard of review and explaining that a district court may impose sanctions where a party demonstrates bad faith by raising frivolous arguments, harassing an opponent, delaying or disrupting litigation, or interfering with a court order).

The district court did not abuse its discretion in awarding a portion of Adidas's attorney's fees in light of Calmese's litigation tactics and repetitive filings, and because the record supports the amount of fees awarded. *See Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000) (reviewing attorney's fees award for an abuse of discretion and explaining that fees may be awarded under the Lanham Act where the non-prevailing party engaged in vexatious conduct).

Calmese's contention that judgment should be vacated because of fraud upon the court is unpersuasive in light of Calmese's failure to show "an unconscionable plan or scheme which is designed to improperly influence the court

in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995) (citation and internal quotation marks omitted).

Calmese's contentions regarding his counsel's performance and withdrawal are unpersuasive.

Calmese's motions to strike, filed on September 28, 2011, and October 20, 2011, are denied. Adidas's request for sanctions, contained in its reply to the motions to strike, is denied.

In No. 11-35080, the district court did not commit clear error by crediting Calmese's testimony in ruling on Adidas's claim for cancellation of the mark because the testimony was not so contradicted or "internally inconsistent or implausible on its face that a reasonable factfinder would not credit it." *Anderson*, 470 U.S. at 575 (explaining review of credibility determinations).

**AFFIRMED.**