**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL CALMESE,

Plaintiff-Appellant,

v.

ANTHONY E. McNAMER, Attorney,
OSB # 00138; OREGON STATE BAR
PROFESSIONAL LIABILITY FUND,

Defendants-Appellees.

No. 14-35569

D.C. No. 3:13-cv-01042-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Michael Calmese appeals pro se from the district court's judgment

dismissing his diversity action alleging legal malpractice in connection with

Anthony E. McNamer's representation of Calmese in a trademark action.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  We affirm.

The district court properly dismissed Calmese's action against McNamer as barred by the statute of limitations.  *See Kaseberg v. Davis Wright Tremaine, LLP*, 265 P.3d 777, 781-82 (Or. 2011) (two-year statute of limitations for legal malpractice claims; the discovery rule postpones accrual until a plaintiff knows or should have known of a substantial possibility that he was harmed by a lawyer's acts or omissions).  Contrary to Calmese's contention, he is not entitled to tolling due to wrongful concealment.  *See Chaney v. Fields Chevrolet Co.*, 503 P.2d 1239, 1241 (Or. 1972) (wrongful concealment of facts that prevents discovery of a wrong or knowledge of a cause of action will toll the statute of limitations).

Dismissal without leave to file a Second Amended Complaint was proper because amendment would have been futile.  *See CHoPP Computer Corp. v. United States*, 5 F.3d 1344, 1350 (9th Cir. 1993) (standard of review for implicit denial of request for leave to amend; district court does not abuse its discretion where amendment would have been futile).

Calmese's contentions that the district court failed to conduct a de novo review of his objections and ignored evidence, he was tricked into changing his

14-35569

motion to amend, and he should be able to re-file the original version of his operative complaint, are unpersuasive.

In light of our disposition, we do not consider Calmese's contentions regarding the merits of this action or the underlying trademark action, which was addressed in a prior appeal. *See Adidas Am., Inc. v. Calmese*, 489 F. App'x 177 (9th Cir. 2012).

Calmese's motion to stay, filed on March 31, 2016, is denied.

**AFFIRMED.**