Argued October 2, affirmed October 24, 1951

LINENBERGER ET UX. *v.* SCHICK

236 P. 2d 925

*Donald C. Walker,* of Portland, argued the cause for appellants. On the briefs were Phelps, Burdick & McLaughlin, of Portland.

*Harlow F. Lenon,* of Portland, argued the cause for respondents, Ray Linenberger and Elizabeth Linenberger. On the briefs were Lenon & Lenon, and L. V. Lundberg, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

WARNER, J.

This is a suit for the reformation of a contract for the sale of real property wherein the plaintiffs Linenberger were the buyers and the defendant, Sophia Schick, and her husband, later deceased, were the sellers. The defendants Burback are the successors in interest to the title of the Schicks in a parcel which joins and forms a part of the Linenbergers' north boundary line, the description of which the plaintiffs seek to correct by this suit. From a judgment and decree favorable to the plaintiffs, the Burbacks alone appeal.

In October, 1943, the defendant, Sophia Schick, and her husband were the owners of two parcels of real property fronting upon the east side of N. E. Mallory avenue in Portland, Oregon. At that time they entered into a contract with the plaintiffs for the sale of the parcel immediately adjacent to and south of the parcel which they then occupied as their home place. For convenience, we will hereinafter refer to the property sold to the Linenbergers as Parcel A and the one retained by the Schicks as Parcel B.

Parcel A consisted of two full lots and a fraction of another, which fraction was described as "the south 9 feet of Lot 8, in Block 2, Highland Place." Such was the description of Parcel A that the parties ultimately and mistakenly adopted in their sale contract. Immediately behind the house on Parcel A and in the northeast corner thereof was a double garage, the north side of which extended across the south line of Lot 8. This garage was served by a driveway beginning in the northwest corner of that parcel, running easterly to the entrance of the garage and paralleling the north line of Parcel B. Not until after the

description of Parcel A found in the contract had been adopted and after Parcel B had been acquired by the defendants Burback was it discovered that the northerly eave line of the garage on Parcel A extended over the southerly line of Parcel B. It was first believed that this overlap was a matter of three feet but a later survey established it to be only 23 inches.

It is the plaintiffs' contention that they bargained for and were to receive an area of sufficient size to include the property upon which the garage was then located; and that the description employed by the parties in the contract of sale was one of convenience and made in the absence of an accurate survey under a then existing and mutually mistaken belief that the north line of Parcel A as therein described included enough of the southerly portion of Lot 8 to accomplish that result.

The trial court found in accordance with plaintiffs' contention. A careful examination of the entire record confirms the correctness of the findings and conclusion that plaintiffs are entitled to an additional strip 23 inches wide on the southerly side of Parcel B, more particularly, on the south side of adjacent Lot 8. The effect of this correction is to reform that part of the description in the contract relating to Lot 8 to read as if it had been originally written: "the South ten (10) feet eleven (11) inches of lot eight (8) in block two (2) * * *."

The defendants Burback acquired their title to Parcel B from Mrs. Schick in October, 1946, three years after the Linenbergers contracted for Parcel A and about a year and a half after the death of Mr. Schick in 1945. The warranty deed from Mrs. Schick inadvertently described the northerly portion of Par-

cel B as being "North Twenty-seven (27) feet, Lot Eight (8)." Lot 8, as platted, had a frontage of thirty feet. It therefore followed that the north line of Parcel B, as conveyed by Mrs. Schick to the Burbacks, overlapped the south line of Parcel A, if Parcel A had been described in the Schick-Linenberger contract in accordance with the decree of the trial court.

The record is clear that the defendants Burback had actual notice of the Linenbergers' claim respecting their north boundary line at the time the Burbacks purchased Parcel B. Notwithstanding, they elected to stand on the description of Parcel B as found in their deed from Mrs. Schick and thereafter used the disputed 23-inch strip in ways of minor importance and entailing but a small outlay by setting out a few shrubs and rose bushes in that part lying between the front of the garage and Mallory avenue. The court below properly recognized this and gave them judgment for $50 against Mrs. Schick by way of compensation for her mistake as to them.

We are convinced that all the parties had a fair and impartial trial in the lower court and that it made a correct determination of all the issues presented. The propositions of law urged here are either rendered irrelevant by the findings of fact hereinabove made or are not of sufficient novelty or importance to be of interest to the profession, and we therefore find it unnecessary to discuss them.

The decree is affirmed.