Argued October 13, reversed with instructions December 22, 1954

## ZINK ET UX. *v.* DAVIS ET UX.
### 277 P. 2d 1007

*Stewart M. Whipple* argued the cause for appel-

lants. On the brief were Easley, Whipple & McCormick, and Carl Robert Wells, of Portland.

*Donald W. McEwen,* of Portland, argued the cause for respondents. With him on the brief were Davis, Jensen & Martin, of Portland.

Before LATOURETTE, Chief Justice, and ROSSMAN, TOOZE, and PERRY, Justices.

PERRY, J.

The plaintiffs, being the owners of Lot 15, Block 2, Brockton, in the city of Portland, county of Multnomah, state of Oregon, brought this action in ejectment against the defendants, who are the owners of Lot 14, Block 2, Brockton, in the city of Portland, county of Multnomah, state of Oregon, alleging that the defendants were in possession of a portion of the plaintiffs' property described as follows, to-wit:

"Beginning at the northeasterly corner of said Lot 15, Block 2, BROCKTON, in the City of Portland, County of Multnomah and State of Oregon, thence southerly along the easterly line of said lot a distance of 40.3 feet to a point; thence westerly, parallel to and 40.3 feet distant from, the northerly line of the said lot, a distance of 1.4 feet to a point; thence northerly, at approximately a parallel to the said easterly line of the said lot, a distance of 40.3 feet to a point in the northerly line of the said lot; thence easterly along the said northerly line of the said lot a distance of 1.7 feet to the place of beginning."

The defendants answered by general denial, and set up affirmatively that each of the parties had deraigned title from a common grantor, Lawrence L. Toline and wife, who had, during the time of owner-

ship and possession of all of the property of the parties, placed a garage building and driveway upon the southerly portion of the property claimed to be owned by the plaintiffs and now occupied by the defendants; and that the defendants had an easement for the use thereof. As a further answer and cross complaint in equity, the defendants alleged ownership of the disputed land, based upon a mutual mistake in the execution of the conveyance from Toline and wife to the defendants, and asked that the conveyance be reformed to express the true intention of the parties.

From an adverse judgment the defendants have appealed.

The undisputed facts in this case show that prior to the purchase by the defendants of Lot 14, Block 2, Brockton, in the city of Portland, Lawrence L. Toline and wife were the owners of both Lot 14 and Lot 15 of Block 2 of said addition; that the lots faced southeast on Long street, adjoining each other on the east side of Lot 15 and the west side of Lot 14.

In 1936 Lawrence L. Toline and wife, the then owners of both Lot 14 and 15, erected a garage building with a driveway from the garage to Long street for use in conjunction with the dwelling on Lot 14. Then in December, 1945, while Toline and wife were the owners and still in possession of Lot 15, the defendants, having purchased Lot 14, erected a fence running northerly from the westerly portion of the garage to the northerly boundary of Lot 15, and according to a recent survey the garage and fence are situated a little more than one foot over on Lot 15. These encroachments upon Lot 15 cover the description of the land in controversy.

The plaintiffs purchased Lot 15 from Matt I. Bisenius and wife on the 11th day of April, 1949, Bisenius

and wife having obtained this property by mesne conveyance from Isabel D. DuBois who had purchased the property from the common grantors of the parties, Lawrence L. Toline and wife, on the 1st day of February, 1947.

The defendant Tim Davis testified that he entered into possession of Lot 14 on the 2nd day of April, 1945; that at that time Mr. Toline was still the owner of Lot 15; that "Mr. Toline helped me locate the line. He owned the property behind me", and that the line extended from the west side of the garage northerly. Defendant further testified that he placed a picket fence along the line in December 1945; that prior to the sale of Lot 15 by Mr. Toline the fence was situated upon that line and the garage was located as it now stands, and the garage and fence have continued in this exact location at all times subsequent.

Mr. Toline, whose deposition was taken, testified that he was the owner of both Lot 14 and Lot 15 at the time he conveyed Lot 14 to the defendants, and in 1936, prior to the sale of Lot 14 to the defendants, he had erected the garage building on Lot 14; that he located the western edge of the building to coincide with what he thought was the western boundary of Lot 14; that he did not know the garage encroached upon Lot 15, but whether or not the true western boundary of Lot 14 included the whole of the garage building and the land up to a line coinciding with the western edge of said garage building, it was his intention to convey to the defendants the garage building and the land up to a line coinciding with the western edge of the garage building. There is no evidence in the record that contradicts this testimony in the slightest.

All of the evidence points with clarity to the fact that when the plaintiffs purchased Lot 15 the property

in controversy was enclosed by the fence erected by defendants, or was covered by the garage and driveway used by defendants. These open and apparent physical facts were sufficient to give the plaintiffs notice of some claim in and to this property by the defendants, Tim Davis and Betty J. Davis, husband and wife. *Linenberger et ux. v. Schick,* 193 Or 14, 236 P2d 925; *Bollenbacher v. Foley et al.,* 68 Ind App 632, 121 NE 124; *Fischer v. Dent,* 259 Mo 86, 167 SW 977. See also 44 ALR 100, note 3.

"Reformation will be allowed not only as against the original parties to an instrument, but also as against those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, judgment creditors, or purchasers with notice of the facts." 45 Am Jur 623, Reformation of Instruments, § 66.

■ The fact that the fence and the garage inclosed the land gave notice to the plaintiffs that the defendants were exercising dominion over the property. Such notice would lead a prudent man to make inquiry. Whether the plaintiffs made inquiry or not, they are charged with notice of every fact which a reasonable inquiry would have disclosed had they pursued it. *Ayre v. Hixson,* 53 Or 19, 98 P 515; 55 Am Jur 1087, Vendor and Purchaser, § 712.

■ The defendants were entitled to the interposition of a court of equity to reform their deed to conform with the understanding of the parties as to the quantity of land sold and purchased.

The decree of the trial court is reversed with instructions to enter a decree reforming defendant's deed to include the strip of land in dispute.

Neither party shall recover costs.