Argued June 9, decree modified August 23, 1967

MIGNOT, *Respondent, v.* PARKHILL,
*Appellant.*
430 P. 2d 1007

*W. W. Balderree,* Grants Pass, argued the cause for appellant. On the briefs were Balderree & Calvert and Wally P. Martin, Grants Pass.

*R. Gene Smith,* Grants Pass, argued the cause for respondent. With him on the brief was Gene L. Brown, Grants Pass.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and HOLMAN, Justices.

## SLOAN, J.

This case now turns upon defendant's prayer for reformation of a written contract between defendant's decedent Parkhill and plaintiff. This is the second appeal of the case. *Mignot v. Parkhill,* 1964, 237 Or 450, 391 P2d 755.

The genesis of the case was a written contract between Parkhill and Bate Lumber Company whereby Parkhill agreed to perform a substantial logging operation for Bate, including the building of an access road. Parkhill subcontracted the building of the road to plaintiff. The agreement between them was in writing. When the road work was completed, Parkhill refused to pay the balance plaintiff alleged was due on the contract; this action followed. Parkhill first defended on the theory that the written contract between these parties only obliged him to pay plaintiff the money that he received from Bate Lumber Company for the road building. This defense was decided against Parkhill. *Mignot v. Parkhill, supra.*

After that decision, Parkhill filed an equitable defense alleging that the written contract between these parties should be reformed to include such a provision. The trial court denied reformation. Defendant appeals.

Parkhill's contract with Bate Lumber Company made Parkhill's profit from the contract contingent on the amount of timber and other factors typical of a logging contract of this type. Parkhill apparently lost money on the entire venture and has defended this action on the theory that his contract with plaintiff required plaintiff to share in that loss. After it was determined, on the previous appeal, that the contract did not require it, he now contends that it should have and that the parties so intended. The evidence simply does not support that contention.

■ To obtain reformation the evidence of mutual mistake must be clear, convincing and unambiguous. *Williams et ux v. Swartz et al*, 1960, 222 Or 223, 350 P2d 1079; *Dolph v. Lennon's, Inc., et al*, 1923, 109 Or 336, 220 P 161.

■■ In the instant case there is not only a shortage of evidence showing that plaintiff agreed to share Parkhill's losses but the additional language that Parkhill seeks to have added to the contract is ambiguous. To obtain reformation it is essential to show precisely what was intended by the parties. *Williams et ux v. Swartz et al, supra,* 222 Or at 229, 350 P2d at 1081. Parkhill's evidence is also deficient in this respect.

■ The trial court allowed attorneys' fees to plaintiff's attorneys which included compensation for the former appeal. This cannot be allowed. *Adair v. McAtee,* 1964, 236 Or 391, 394, 385 P2d 621, 388 P2d 748. The trial court will be obliged to eliminate that part of the attorneys' fees which included the work in this court.

As modified, the decree is affirmed. Costs to neither party.