Argued March 7, affirmed as modified May 17, 1973

WEBB ET UX, *Respondents and Cross-Appellants,*
*v.* CULVER ET AL, *Appellants.*

509 P2d 1173

*R. W. Kitson,* Portland, argued the cause for appellants. With him on the briefs were Rader & Kitson, Portland.

*Carlton D. Warren,* Portland, argued the cause for respondents and cross-appellants. With him on the brief were Solomon, Warren & Killeen, Portland.

O'CONNELL, C. J.

This is a suit to reform a land sale contract. Defendants appeal from a decree in favor of plaintiffs.

The decree reformed the contract by adding to the legal description a strip of land four feet three inches wide lying adjacent to the east property line of the lot described in the contract.

Prior to the execution of the contract, defendant Stanley Culver had constructed a four-unit apartment on the lot. The lot was located on the westerly end of a one hundred and twenty-five foot frontage owned by Culver. When Culver constructed the fourplex he installed a substantial fence around it. The fence was installed four feet three inches to the east of the eastern boundary of the land described in the contract.

At the time plaintiffs purchased the property a lawn area extended to the fence along the east side of the building. A parking lot and driveway apron serving the apartment also ran to the fence. From the photographs introduced in evidence it is clear that these and other physical features on the east side of the apartment building would make it appear that the fence constituted the eastern boundary of the lot upon which the building was situated.

Plaintiffs' complaint sought reformation on the ground that defendant Culver represented that the property included all of the land encompassed by the fence. Defendants contend that the evidence is not

sufficient to establish such a representation by Culver, because there was no contract or communication by him with plaintiffs or their agents.

■■ A contract or deed may be reformed where there has been a mistake by one party accompanied by fraud or other inequitable conduct of the other party.[①] In the present case the evidence clearly establishes that plaintiffs mistakenly believed the fence in question marked the eastern boundary of their land. They were not made aware of the boundary as described in the contract until almost five years after the contract was executed, when Culver called upon them to remove the fence.

Plaintiffs were misled by Culver's conduct in constructing the fence, and in developing other parts of the property in such a way as to make it appear that the fence marked the true line. This conduct can be looked upon as an implied representation by Culver that he was selling all of the land encompassed by the fence. It would be inequitable to permit him now to assert that the boundary described in the contract was controlling.

The case before us is essentially the same as *Heverly v. Kirkendall,* 257 Or 232, 478 P2d 381 (1970). Although that was a suit for rescission rather than a suit for reformation as in the present case, the guiding principle is the same. In that case the sellers failed to inform the purchasers that a part of a garage was located on land not owned by the vendors. The court held that under these circumstances the physical ap-

---

[①] 3 Pomeroy, Equity Jurisprudence 1001, § 1376 (1941). See Cox v. Beard, 75 Kan 369, 89 P 671 (1907); Hugo v. Erickson, 110 Neb 602, 194 NW 723 (1923); Lusher, et al v. Sparks, et al, 146 W Va 795, 122 SE2d 609 (1961).

pearance of the property constituted an implied representation sufficient to support a suit for rescission.

■ In the present case plaintiffs could have determined that the fence did not mark the true line, if they had measured on the ground the distances recited in the contract description. But their failure to take this step does not bar their suit for reformation.[2]

■ It is to be observed that this is not a case where the intervening rights of bona fide purchasers makes reformation impossible. Defendants Petersen and Hess purchased the adjoining property from Culver in February of 1971, but the fence and improvements were sufficient to give them notice that plaintiffs were exercising dominion over the disputed property.[3]

Plaintiffs cross-appeal from that part of the decree denying their attorney's fees. The land sale contract contained the following provision:

"In case suit or action is instituted to foreclose this contract or to enforce any of the provisions hereof, the buyers agree to pay such sum as the trial court may adjudge reasonable as attorney's fees to be allowed plaintiff in said suit or action and if appeal is taken from any judgment or decree of such trial court, the buyers further promise to pay such sum as the appellate court shall adjudge reasonable as plaintiff's attorney's fees on such appeal."

■■ Although this provision purports to bind only plaintiffs to pay attorney's fees, by the terms of ORS

[2] See Heverly v. Kirkendall, *supra,* holding that the negligence of the purchasers to whom a misrepresentation was made was not a defense to a claim for rescission. *Cf.,* Lippire v. Eckel, 178 Neb 643, 134 NW2d 802 (1965).

[3] Zink v. Davis, 203 Or 49, 52-53, 277 P2d 1007 (1954). See generally, 79 ALR2d 1180, 1204 (1961); 44 ALR 78, 100 (1926).

20.096 defendants are likewise bound.[4] The trial court held that ORS 20.096 was not retrospective. We held otherwise in *Dean Vincent, Inc. v. Chamberlain,* 264 Or 187, 504 P2d 722 (1972). The only question on this cross-appeal is whether the suit for reformation of the land sale contract brought by plaintiffs is an "action or suit on a contract" within the meaning of ORS 20.096. We hold that it is. Therefore, plaintiffs are entitled to reasonable attorney's fees against the Culvers both at the trial stage and on appeal. The parties have stipulated that a reasonable fee at these two stages are respectively $1,500 and $2,000.

The decree of the trial court as modified with respect to the allowance of attorney's fees is affirmed.

---

[4] "(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements.

"(2) Attorney fees provided for in a contract described in subsection (1) of this section shall not be subject to waiver by the parties to any such contract which is entered into after September 9, 1971. Any provision in such a contract which provides for a waiver of attorney fees is void.

"(3) As used in this section 'prevailing party' means the party in whose favor final judgment or decree is rendered.

"(4) As used in this section 'contract' includes any instrument or document evidencing a debt."