Argued September 10, 1976, affirmed February 3, 1977

FRICK et ux, *Respondents,*
*v.*
HOAG, *Appellant.*
(No. 44753, SC 24334)

559 P2d 879

Brian P. Jackson, Albany, argued the cause and filed briefs for appellant.

M. M. Orona, of Morley, Thomas, Orona & Kingsley, Lebanon, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Tongue, Bryson, and Lent, Justices.

LENT, J.

## LENT, J.

This is an action at law brought to collect the unpaid principal of a promissory note together with interest and attorney fees. Defendant appeals from the denial of his equitable defense of reformation and the resulting judgment for the plaintiffs on the note.

The dispute arose because one of the terms of the promissory note conflicted with a term in a contract previously entered into by the parties.

Plaintiffs were owners of subdivided property which defendant, a developer, wished to buy. In January of 1974, the parties entered into an "Exchange Agreement." By the terms of this contract plaintiffs were to exchange their interest in the subdivided property for $43,000 of equity in an apartment complex which defendant agreed either to build "within 6 months from close of escrow of this transaction, or to pay mortgage payments * * * until completion."

At the escrow closing in April of 1974, defendant signed a promissory note for $43,000 payable to plaintiffs by October 1, 1974. The purpose of the note was presumably to secure defendant's performance of the obligations contained in the exchange agreement. The note included the following provision:

"If this note is paid in accordance with the terms herein, the interest will be waived. This note is to be replaced by equity in 2 4-plex units by Oct. 1, 1974."

The apartments were not completed, however, until December of 1974 or January of 1975.

After plaintiffs commenced this action on the note, defendant filed an affirmative defense of reformation and prayed for a decree reforming the note to conform to the previous understanding that the defendant was not obligated to perform until the apartments were completed. Sitting in equity, the trial court rejected this defense as well as defendant's request for specific performance of the original agreement. As in other

[ 137 ]

equity cases, we apply a *de novo* standard of review to these conclusions.

■ Under our decisions, mutual mistake is one basis upon which a party may seek to reform a contract to conform to the terms of an antecedent agreement. *See,* for example, *Moyer v. Ramsayer,* 226 Or 122, 135, 359 P2d 407 (1961). Defendant contends that both parties to the promissory note did not intend to impose a fixed deadline for completing the apartments. He argues that the intent of both parties as expressed in the exchange agreement remained unchanged.

■■ It is axiomatic that a party requesting reformation must prove the existence of a definite and complete agreement which reflects the intent of the parties and to which the subsequent instrument can be made to conform. *Manning Lumber Co. v. Voget,* 188 Or 486, 216 P2d 674 (1950). Defendant claims that the exchange agreement is such a model. The promissory note, however, both modified and added to the terms of the exchange agreement. In seeking to reform a writing which modifies a contract, a party must show a prior understanding as to the modification and not merely the original intent at the time of the initial contract.

If we were to presume, in this case, that the understanding of the parties as to the time of completion remained unchanged, there would be a prior agreement to which the note could be reformed. To do so, however, is to beg the question. This is not a case where the same contractual intent for two instruments can be presumed and where error or fraud disguises that intent in the later recordation. To prevail here defendant must show a clear, definite and complete understanding *as to the terms of the modification.* Our review of the evidence fails to show such an understanding. As the trial judge commented,

> "The rule on the reformation of an instrument is that there must be a showing that there was a meeting of the minds for the terms sought to be added or reformed. In

this case certainly the evidence does not show that there was a meeting of the minds in regard to this note. If anything, it shows that there was confusion in the minds in that respect and in fact the defendant testified that he didn't recall [that] the note was to be used in the transaction but he did admit signing it."

■ Even assuming that the intent as expressed in the exchange agreement remained unchanged, defendant's proof was likewise insufficient to show mutual mistake. Not only must one show a contrary prior agreement, but it must be proven that this understanding remained unchanged at the time of the execution of the final contract. Thus, in *Manning Lumber Co. v. Voget, supra,* at 499-500, we adopted the following formulation of the mutual mistake doctrine:

" 'Mutual mistake in relation to reformation means a mistake shared by both parties. It consists in a misunderstanding reciprocal and common to both the contracting parties, when each alike labored under the same misconception in respect to the terms of a written instrument, *intending at the time of the execution of the instrument to say one thing and by mistake expressing another.* The mistake cannot be mutual if the minds of the parties to the instrument did not meet in a common intent. By mutuality is not meant that both parties must agree on the hearing that the mistake was in fact made, but the evidence of the mutuality of the mistake must relate to the time of the execution of the instrument, *and show that at that particular time the parties intended to say a certain thing and by mistake expressed another.'* (Emphasis added.)"

■■ In the present case, the evidence as to the origin of the promissory note term in controversy was confusing. Defendant testified that he did not read the note. One of the plaintiffs testified that he wanted either the money or the apartments within a certain time. The actual language appended to the note was apparently added by a representative of both parties. It is possible that plaintiffs intended to concretize a deadline. In any event, such proof fails to establish by clear

and convincing evidence[1] that both defendant and plaintiffs intended, at the time the note was executed, to restate their earlier understanding.

Affirmed.

---

[1]Evidence of mutual mistake as well as the terms of the prior agreement in reformation suits must be clear, convincing and unambiguous. *Mayer/Kleinknecht v. Bassett,* 263 Or 334, 501 P2d 782 (1972), *Mignot v. Parkhill,* 247 Or 465, 430 P2d 1007 (1967).