Submitted on briefs August 25, affirmed October 25, 1977

JENSEN et ux, *Appellants,*

*v.*

MILLER et al, *Respondents.*

(TC 75-446-E, SC 24687)

570 P2d 375

Michael J. Bird, Grants Pass, for appellants. With him on the briefs were Brown, Hughes, Bird & Lane, Roseburg.

William M. Sloan, Grants Pass, for respondents. With him on the brief were Johnson, Sloan, Hawkins & Neufeld, Grants Pass, and Raymond W. Hess, Rogue River.

LENT, J.

## LENT, J.

Plaintiffs sued to quiet title to a strip of land. Defendants counterclaimed for reformation of the contract and deed by which plaintiffs had conveyed to the defendants unimproved land, contending the disputed strip is part of the realty they purchased from the plaintiffs although not described in the contract and deed. The trial court decreed reformation of the legal description of the subject realty in the contract and deed to include the disputed strip and awarded defendants attorney fees. Plaintiffs appeal. We affirm.

■ We review de novo on the record. ORS 19.125(3). It is well established that, while this court is not bound by the trial court's findings of fact, in cases where controverted testimony is taken by a trial judge, who has the opportunity to observe the demeanor of the witnesses, the trial court's findings are entitled to great weight. *Phillips v. Johnson,* 266 Or 544, 514 P2d 1337 (1973). The case at bar, characterized by the trial judge as one which "could go on two weeks with one saying 'I did' and the other 'I didn't' ", is just such a case.

The facts found by the trial court may be summarized as follows: In 1969 the parties contracted for sale of land by plaintiffs to defendants. During negotiations prior to making the contract, plaintiffs showed defendants the land and, in particular, pointed out as the eastern boundary of the land to be sold a line which had been brush-cut and marked by a surveyor hired by plaintiffs for this purpose. Hereinafter this line will be referred to as the "brush line." An earnest money agreement preceded the making of the land-sale contract.

When the title company and the county assessor's office raised questions as to the description of the land contained in the earnest money agreement, plaintiffs assured defendants that the brush line was in fact the correct boundary between their respective parcels. Plaintiffs and defendants thereafter made a land-sale

contract, and when defendants had performed thereunder, plaintiffs executed and delivered to them a warranty deed. Both instruments contained a legal description that placed plaintiffs' eastern boundary line about 67 feet west of the brush line. This was due to an error made by the plaintiffs' surveyor some five years prior to the sale. That error was unknown to any of the parties at that time.

During the period 1969 to 1973, defendants, with plaintiffs' "encouragement and assistance," made improvements in the disputed strip. The error in the original survey was not discovered until a new survey was made in 1973. The trial court found that, considering the oral testimony and the earnest money agreement description, one in light of the other, the parties intended the brush line to be the eastern boundary line of the land sold. It further found that there was a mutual, material mistake, that defendants were not grossly negligent in making such a mistake, and in fact did so in reliance upon plaintiffs' representations, and that such reliance was justified. Finally, the trial court found that defendants had expended $1,500 in reasonable attorney fees in the suit below.

Plaintiffs assert two assignments of error: first, that the trial court erred in reforming the legal description of the land in the contract and deed, and, second, that it erred in awarding defendants attorney fees. The first assignment amounts to a contention that the quantum of evidence produced by the defendants to show mutual mistake was insufficient to support the decree of reformation. Our first inquiry must be to determine the nature and quantum of proof necessary to support a decree of reformation of a contract.

■    The parties seeking reformation of a written contract must establish, by the appropriate quantum of proof, (1) that there was an antecedent agreement to which the contract can be reformed; (2) that there was a mutual mistake or a unilateral mistake on the part

[ 228 ]

of the party seeking reformation and inequitable conduct on the part of the other party; and (3) that the party seeking reformation was not guilty of gross negligence. *See Moyer et ux v. Ramseyer et al,* 226 Or 122, 134, 359 P2d 407 (1961); *Scoville et ux v. Hampton et al,* 217 Or 256, 259, 335 P2d 399, 340 P2d 952 (1959); *DeTweede v. Barnett Estate,* 160 Or 406, 411-17, 85 P2d 361 (1939); and *Lewis v. Lewis,* 5 Or 169, 176 (1874).

Defendants offered evidence in support of each of these three elements, and the trial court found it sufficient to support a decree of reformation. The quantum of proof necessary to support a decree or reformation has been described in widely differing terms by this court, but it is agreed by all that "[a] mere preponderance of the evidence does not suffice." *Kontz v. B. P. John Furniture Corp.,* 167 Or 187, 205, 115 P2d 319 (1941). The parties below and on appeal appear to have accepted this general statement, and therefore we do not review its validity.[1]

[1] This court has variously labeled the quantum of evidence necessary to support the reformation of a written contract as "clear and convincing * * * with a high degree of probability." *Ray v. Ricketts,* 235 Or 243, 250, 383 P2d 52 (1963); "clear and unequivocal," *Moyer et ux v. Ramseyer et al,* 226 Or 122, 135, 359 P2d 407 (1961); "clear, satisfactory and convincing," *Weatherford v. Weatherford,* 199 Or 290, 297, 257 P2d 263, 260 P2d 1097 (1953); "high degree of cogency," *Kontz v. B. P. John Furniture Corp.,* 167 Or 187, 205, 115 P2d 319 (1941); "clearest and most satisfactory," *DeTweede v. Barnett Estate,* 160 Or 406, 414, 85 P2d 361 (1939); "clear and satisfactory," *id* at 415; and "very high degree of cogency," *Southeast Port. L. Co. v. Heacock et al,* 128 Or 248, 259, 275 P 28 (1929).

The confusion which has resulted is due to inconsistent usage and imprecision of meaning. *See* the concurring opinion of Lent, J., in *Hardwick v. Dravo Equipment Company,* 279 Or 619, 569 P2d 588 (1977). The fairest and most efficient solution to this problem, in this writer's opinion, is to do away with the extraordinary burden of proof in this type of case. Whatever the label attached to the quantum required, the trier of fact will not make a finding unless it is persuaded of its existence. Whether that persuasion is the result of a preponderance of the evidence or a more exacting standard, in practical terms, is a meaningless and probably impossible inquiry. However, since neither party has raised this issue, it need not be decided.

■ In the instant case, the first element, that of an antecedent agreement, is established without question. We find, as the trial court did, that the evidence clearly establishes that the initial agreement of the parties was that the brush line would represent the eastern boundary of the land sold by the plaintiffs to the defendants.

The element of mutual mistake, while perhaps less clearly established and subject to directly contradictory evidence by the interested parties, was in our judgment supported by convincing testimony. The trial judge, who observed the testimony firsthand, resolved this conflict in favor of the defendants, and, as stated above, this finding is entitled to great weight. We decline to reverse the trial court on this point.

■ Finally, defendants must prove the negative element, that the mistake on their part was not due to their *gross* negligence. The evidence, as adduced at trial and found by the trial court, fully supports this allegation to any necessary degree. Plaintiffs were not only responsible, at least vis-a-vis the defendants, for the error of the surveyor whom they had employed; they refused to have the property resurveyed in 1969, instead hiring the same surveyor to draw the boundary line based on the original survey. Indeed, when faced with an indication that there was something wrong, plaintiffs continually reassured defendants that they would get substantially what they had bargained for. Defendants, as found by the trial court, were entitled to rely on plaintiffs' representations. Even if they were not, such reliance would not constitute negligence so gross as to deny them the equitable relief they sought. *See Kontz v. B. P. John Furniture Corp., supra* at 206; *Wolfgang v. Henry Thiele Catering Co.,* 128 Or 433, 442-48, 275 P 33 (1929).

Plaintiffs also assign as error the trial court's award of attorney fees to defendants. Plaintiffs contest, not the trial court's finding that $1,500 was a

reasonable amount, but the basis for awarding any fees at all. The land-sale contract between plaintiffs and defendants states:

> "In case any suit or action is instituted by either party to enforce any provision or remedy herein, it is agreed between the parties that attorney's fees shall be allowed in such suit or action and the unsuccessful party agrees to pay such sum as the court may adjudge reasonable as attorney's fees in any such suit or action; and in the event of appeal to the Supreme Court, it is agreed a reasonable attorney's fee for such appeal shall be allowed in addition to any attorney's fees in the lower court."

Plaintiffs, however, contend that by the complete performance of this contract, full payment by the defendants and delivery of the warranty deed by the plaintiffs, the contract was merged into the deed and the provision allowing attorney fees was extinguished.

■ The doctrine of merger, in this context, provides that "the deed supersedes the contract as to all its provisions made pursuant to the terms of the latter." *City of Bend v. Title & Trust Co.,* 134 Or 119, 127, 289 P 1044 (1930). The doctrine is subject, however, to the important qualification that contractual provisions which are not embodied in the deed are superseded only if the parties *intended* to surrender them. *Id.*

In *City of North Bend v. County of Coos,* 259 Or 147, 485 P2d 1226 (1971), the owner of a property interest agreed to sell all such interest to the purchaser. However, because of mutual mistake, the contract and deed executed pursuant to the agreement conveyed only part of the interest. While the precise issue raised was different, this court held that the purchaser's action to quiet title was one "upon a contract," stating:

> "The doctrine of merger should operate only where it is reasonable to assume that the parties contemplated the extinction of their contractual rights and duties upon the execution of the deed. * * *" *Id* at 152. *Cf. Webb v. Culver,* 265 Or 467, 471-72, 509 P2d 1173 (1973).

■ The determination of this intention is a matter of fact to be adduced from the evidence at trial. *See Caldwell et ux v. Wells,* 228 Or 389, 397, 365 P2d 505 (1961); *Van Hee v. Rickman et al,* 109 Or 357, 360-61, 220 P 143 (1923).

■ In the present case, we find that the defendants did not intend to extinguish their right to contractual attorney fees by accepting the warranty deed in view of the fact that the defect in the deed itself was unknown to either party at the time of its delivery. In fact, the delivery, which occurred three years prior to the discovery of the survey error, was occasioned by the defendants' voluntary prepayment of the balance due on the contract, something they presumably would not have done had they known of the error in the legal description.

A second qualification to the doctrine of merger is when "through fraud or relievable mistake the grantee has been induced to accept something different from what the contract required." *City of Bend v. Title & Trust Co., supra* at 129. The trial court reformed the contract based on mutual mistake, and we affirm that ruling. The deed, prior to reformation, gave the defendants "something different [and less] than what the contract required"; therefore, the doctrine of merger has no application.

■ The awarding of attorney fees pursuant to contractual provisions is made mandatory by statute, ORS 20.096. The trial court did not err in making such an award.

Affirmed.