**SELOOVER,**
*Respondent,*

*v.*

**COLUMBIA COUNTY ADMINISTRATIVE
SCHOOL DISTRICT NO. 5,**
*Appellant.*

(No. CC78-272, CA 12668)

600 P2d 931

■■■■■■■■■■

Paul J. Jolma, Clatskanie, argued the cause and filed the brief for appellant.

Steven D. Gerttula, Astoria, argued the cause for respondent. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, and Dan Van Thiel, Astoria.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant School District (District) seeks reversal of the trial court's order granting reformation of a deed conveying certain land to plaintiff's parents, now deceased, plaintiff's predecessors in interest. Plaintiff claimed a mutual mistake at the time of the execution of the deed in that the parcel described was only a portion of that which the parties had previously agreed would be conveyed. Defendant filed a counter-claim to quiet title. Defendant denied there had been a mutual mistake but asserted that even if there had been a mutual mistake the deed could not be reformed because (1) the conveyance was a gift and as such cannot be reformed, and (2) the conveyance was not authorized by the voters as required by statute,[1] and therefore the District was without power to convey.

The trial court found: the conveyance was not a gift; the conveyance was not made in contravention of statutory authority; there had been a mutual mistake in the description contained in the deed; and it did not conform to the antecedent agreement between the parties. We affirm the order granting reformation.

The land in question (South parcel) is located in Clatsop County and consists of about two acres. It was deeded to defendant's predecessor school district in 1911. Although the South parcel apparently was never used by the District, an adjoining two-acre parcel (North parcel), also owned by the District, had at one time been the site of a school which burned in 1936

---

[1] Defendant contends the conveyance was governed by two statutes, ORS 332.150 and 332.080, in effect at the time of the 1955 deed. ORS 332.150 provided for the acquisition and disposition of schoolhouse sites and is not applicable to the parcel in question which was not the site of a schoolhouse and apparently was not appropriate for a schoolhouse. Former ORS 332.080 provided:

"* * * The district school board may also sell, lease or otherwise dispose of any property belonging to the district, when authorized to do so by a majority vote at any legally called school meeting if the call for such meeting stated that such sale, lease or disposition would be one of the objects of such meeting."

and was never reconstructed. Thereafter neither parcel was used by the District.

In 1936 defendant's predecessor advertised the sale of school district property and acquired the necessary authorization from the voters to sell the land.[2] The North parcel was sold in 1937 for $90 to John Hagglund, who had conveyed it to the school district in 1914. Plaintiff's parents later bought that parcel and other property adjoining the South parcel. Plaintiff testified that her parents purchased the South parcel in the mid-1940's. The District denies this, and there is no deed to show such a sale. It is, however, uncontroverted that plaintiff's family fenced and used the entire South parcel beginning sometime between 1945 and 1950, and that the District did not complain or demand that plaintiff's family cease using the property. In 1955 a quitclaim deed was executed by the District reciting $1 as consideration and conveying approximately the eastern one-half acre of the South parcel to plaintiff's parents. Plaintiff contends that the parties to the quitclaim deed had previously agreed that her parents would purchase the entire two acres, and that neither party was aware of the erroneous description until 1975 when a search of county land records was made for the purpose of disposing of excess land held by the District. This suit followed the District's announcement that the land was for sale.

The requirements for obtaining reformation of a written contract are set forth in *Jensen v. Miller,* 280 Or 225, 228-29, 570 P2d 375 (1977) as follows:

"* * * (1) that there was an antecedent agreement to which the contract can be reformed; (2) that there was a mutual mistake or a unilateral mistake on the part of the party seeking reformation and inequitable conduct on the part of the other party; and (3) that the party seeking reformation was not guilty of gross negligence. * * * "

---

[2] Defendant acknowledges that the authorization obtained in 1936 may have covered both the North and South parcels, but questions the length of time that authorization remained effective.

Only the first two of these requirements are at issue here.

 The District obtained the necessary authority to sell school district property in 1936. Although not entirely unambiguous, that authorization apparently referred to both the North and South parcels. While only the North parcel was sold in 1937, the authorization implies an intent to sell the South parcel as well.[3] Plaintiff's contention that there was an antecedent agreement is supported by the fact that plaintiff's family took possession of the entire South parcel prior to the 1955 deed, and used and improved it over a period of 25 to 30 years without objection by the District.

The facts recited above also support the contention that there was a mutual mistake in the description contained in the deed. After the conveyance the District apparently considered all of its property in the area sold because it was unaware until 1975 that it still held title to part of the South parcel. The continued use of the entire parcel by plaintiff's family indicates they believed they had purchased the entire two acres, and the facts indicate this belief was also that of the District. *See Bird v. Mayo,* 75 Or 100, 145 P 13 (1914).

There is no evidence to support defendant's contention that the 1955 conveyance was a gift aside from the recitation of $1 consideration. In view of the fact that the parties dealt at arm's length and the fact that the grantor was a school district with, as defendant points out, no authority to give property away, the recital of $1 consideration is not sufficient by itself to establish that the conveyance was a gift.

---

[3] The deed conveying the North parcel describes the proposition to sell "the Hagglund school property" and sets forth the notice setting the time for a meeting "to accept or reject any bids for the sale of land belonging to [the District's predecessor]." It further states that "no bids were received for the land, but later John Hagglund offered $90 for two acres * * *." The statement that John Hagglund offered to buy "two acres" is subject to the interpretation that more than two acres were offered for sale.

[465]

Giving significant weight to the trial court's findings of fact, *see Phillips v. Johnson,* 266 Or 544, 514 P2d 1337 (1973), we find that plaintiff has established that there was an antecedent agreement and a mutual mistake justifying reformation.

Affirmed.