BENTLEY RANCHES, INC., a California corporation, Plaintiff-Appellee,

v.

John BORGERSON, an Oregon resident, Defendant-Appellant.

BENTLEY RANCHES, INC., a California corporation, Plaintiff-Appellant,

v.

John BORGERSON, an Oregon resident, Defendant-Appellee.

Nos. 83-3860, 83-3895.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1984.

Decided Jan. 27, 1984.

As Amended on Denial of Rehearing and Rehearing En Banc May 9, 1984.

**1396**

Richard A. Hayden, Kirk R. Hall, Stoel, Rives, Boley, Fraser & Wyse, Portland, Or., for plaintiff-appellee.

John Faust, Ridgway K. Foley, Jr., P.C., Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for defendant-appellant.

Before WALLACE and CANBY, Circuit Judges, and CRAIG,[*] District Judge.

PER CURIAM:

Borgerson appeals from a district court judgment reforming a contract to reflect an antecedent agreement between him and Bentley Ranches, Inc. (Bentley). Bentley filed a cross-appeal. District court jurisdiction was based upon diversity of citizenship, 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

■ Borgerson contends that we should employ a de novo standard in reviewing this appeal, relying on *ICN Medical Laboratories, Inc. Employees' Profit Sharing Plan · v. ICN Medical Laboratories, Inc.*, 682 F.2d 1326 (9th Cir.1982); *Frick v. Hoag*, 277 Or. 135, 559 P.2d 879 (1977); *Carlson v. Pryor*, 262 Or. 131, 497 P.2d 202 (1972). Bentley argues that Federal Rules of Civil Procedure rule 52 applies in this diversity case involving issues of equity, and cites *Lundgren v. Freeman*, 307 F.2d 104 (9th Cir.1962). There, we applied the clearly erroneous standard of review, as ·prescribed in rule 52, to an Oregon contract dispute which resulted in the fashioning of an equitable remedy. *Id.* at 113. *See also Dierks Lumber & Coal Co. v. Barnett*, 221 F.2d 695 (8th Cir.1955).

*Lundgren* reflects the correct rule and controls here. In *ICN Medical Laboratories*, we merely stated in dicta that "Under Oregon law, this determination is subject to a *de novo* standard of review." 682 F.2d at 1329. We do not read this statement as establishing a conflict with the settled law of this circuit requiring our review to be under the clearly erroneous standard.

■ Under Oregon law, in order to justify reformation of the Borgerson-Bentley contract, a three-prong test must be satisfied. First, an antecedent agreement must be shown. Second, mutual mistake (in executing the contract) or a unilateral mistake (with the other party taking advantage of the mistake) must be proven. Third, it must be shown that Bentley (the person who seeks reformation of the contract) was not guilty of gross negligence. *Seloover v. Columbia County Administrative School District No. 5, Joint*, 42 Or.App. 461, 600 P.2d 931 (1979); *Jensen v. Miller*, 280 Or. 225, 570 P.2d 375 (1977).

Here, two contracts were involved: Bentley selling part of its land to Borgerson and Bentley selling the remainder of its land to Uniland Realty. The transaction with Uniland Realty was not completed because Uniland Realty never made its initial payment. The district judge found that pursuant to an antecedent agreement, the closing of the Uniland Realty-Bentley sale was a concurrent condition to the Borgerson-Bentley contract. She also found that the three requirements for reformation of an Oregon contract were met and she reformed the Borgerson-Bentley contract to be consistent with her findings.

The question before us is whether the district court's findings were clearly erroneous. We are not "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The district judge resolved conflicts in the evidence in Bentley's favor. Upon this record,

---

[*] Honorable Walter Early Craig, United States District Judge, District of Arizona, sitting by designation.

the district court could have found it reasonable to reform the contract by inserting a requirement of a completed closing of the the sale to Uniland Realty as a concurrent condition to the Borgerson-Bentley contract.

The district judge also found that Borgerson did not act as a realtor in violation of Oregon law. Bentley admits that its cross-appeal from this determination should be considered only if we find in Borgerson's favor on his appeal. We therefore do not consider the issue. Nor do we believe the remaining issues raised require comment.

AFFIRMED.